**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **Judge Ronald A. Guzmán** |
| Plaintiff, ) | |
| ) | 09 C 553 |
| v. ) | |
| ) | (Criminal Case 02 CR 464-6) |
| CHARLES STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Charles States has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government does not oppose the motion. For the reasons provided herein, the Court grants defendant's motion.

**Facts**

On October 18, 2005, a jury found States guilty of racketeering, racketeering conspiracy, conspiracy to possess with intent to distribute controlled substances; possession with intent to distribute more than 500 grams of cocaine, extortion, possession of a firearm in relation to a drug trafficking offense, possession of a firearm with an obliterated serial number, attempt to kill a federal officer, and assault of a law enforcement officer. On April 6, 2006, States was sentenced to life imprisonment plus fifty-seven years. On May 5, 2006, the Court entered its final judgment. On May 10, 2006, States filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit.

On September 14, 2007, attorney Mustafa Engin Derkunt raised a single issue at oral argument on direct appeal: the district court lacked jurisdiction to hear States' criminal case

because Congress failed to enact Title 18 properly. On September 24, 2009, the court of appeals affirmed the conviction and sentence stating in its two-sentence order: "This case is unbelievably frivolous. We AFFIRM." *United States v. States*, 242 Fed. Appx. 362, 2007 WL 2768906, at *1 (7th Cir. Sept. 24, 2007).

## **Discussion**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court which imposed his sentence to vacate, set aside or correct the sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy "the familiar two-pronged test outlined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Under *Strickland*, a defendant "must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).

First, despite the fact that States' trial counsel preserved several issues that could have been raised on appeal, his appellate counsel failed to raise any issue relating to States' underlying conviction or sentence. Instead, Derkunt raised a baseless argument that 18 U.S.C. § 3231 was not properly enacted by Congress in 1948. His argument was so deficient that the government rested on its brief without any oral argument. The appellate court characterized Derkunt's argument as "unbelievably frivolous." *States*, 2007 WL 2768906, at *1. Derkunt's failure to meet an objective standard of reasonableness is further demonstrated by the Seventh Circuit's response when he raised the same argument in another defendant's criminal appeal.

> M. Engin Derkunt of the Texas Bar, devotes his entire brief to arguing that Title 18-the federal criminal code-is unconstitutional because of supposed irregularities in its enactment. . . . We affirm the judgment against his current client, without prejudice to the client's seeking post-conviction relief on the ground of ineffective assistance of counsel, and we order Derkunt to show cause why he should not be sanctioned for professional misconduct in this court. We are also sending a copy of this opinion to the Texas bar disciplinary authorities. His quixotic crusade 'Title 18: The U.S. Criminal Code-Void *ab initio*' . . . is a profound disservice to his clients.

*United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007). In short, Derkunt's conduct falls far outside the wide range of reasonable professional assistance and could not conceivably be considered sound trial strategy. Thus, the first prong of the *Strickland* test has been shown.

Second, in certain cases, prejudice is "so likely that case-by-case inquiry is not worth the cost," so prejudice is presumed. *Miller v. Martin*, 481 F.3d 468, 472 (7th Cir. 2007) (quotation omitted). "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *United States v. Cronic*, 466 U.S. 648, 658 (1984). "[N]ominal representation on an appeal . . . does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

Rather than raising any issue relevant to States' sentence or conviction, Derkunt raised a frivolous argument with no chance of success. As a result of Derkunt's deficient performance, States was constructively denied counsel on direct appeal. The prosecution's case was not subjected to adversarial testing, and therefore States' direct appeal is presumptively unreliable. No further demonstration of prejudice is required.

The Court finds that States has satisfied both prongs of the *Strickland* test and is entitled to relief under 28 U.S.C. § 2255 for ineffective assistance of counsel. "If the court finds . . . that

there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set judgment aside and shall . . . resentence him . . . ." 28 U.S.C. § 2255(b). However, this does not entitle a defendant to "de novo resentencing-including preparation of a PSR and the opportunity to be heard on sentencing issues-after his initial sentence is vacated." *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000). "When a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant ten days to appeal from the imposition of the new sentence." *Id.*; *see United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000).

In sum, the Court grants States' motion pursuant to 28 U.S.C. § 2255. The Court vacates States' judgment for the purpose of re-entering the judgment and reimposing his sentence for the sole purpose of allowing him ten days to appeal from the imposition of the new sentence.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion to vacate, set aside, or correct sentence [doc. no. 1] and vacates the judgment in case number 02 CR 464-6 and reenters it and reimposes his sentence for the sole purpose of allowing him ten days to appeal. This case is hereby terminated.

**SO ORDERED**                                     ENTERED:  3/30/10

_____
**HON. RONALD A. GUZMAN**
**United States Judge**